**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 23 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff - Appellee,<br><br>  v.<br><br>MICHAEL S. IOANE,<br><br>    Defendant - Appellant. | No. 12-10068<br><br>D.C. No. 1:09-cr-00142-LJO-3<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Argued and Submitted April 18, 2013
San Francisco, California

Before: GOODWIN, O'SCANNLAIN, and N.R. SMITH, Circuit Judges.

Michael Ioane appeals his convictions and sentence for federal tax fraud conspiracy, 18 U.S.C. § 371, and fraudulent presentation of fictitious United States financial instruments, *id.* § 514(a)(2). We affirm.

---

  [*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

The district court's June 2010 continuance and exclusion of time under the Speedy Trial Act, *id.* § 3161, were "specifically limited in time" and "justified on the record with reference to the facts as of the time the delay [was] ordered." *United States v. Lewis*, 611 F.3d 1172, 1176 (9th Cir. 2010); 18 U.S.C. § 3161(h)(7). In entering the continuance, the district court consulted all counsel, including counsel for Ioane's co-defendants, and "conduct[ed] an appropriate inquiry" on the record to determine when all the defendants could be tried. *United States v. Lloyd*, 125 F.3d 1263, 1269 (9th Cir. 1997). Trying Ioane's co-defendants eventually proved unnecessary, but at the time the delay was ordered, *Lewis*, 611 F.3d at 1176, the continuance and exclusion were justified. The other challenged continuances and exclusions under § 3161(h)(7) were not clearly erroneous. *See United States v. Alvarez-Perez*, 629 F.3d 1053, 1056–57 (9th Cir. 2010).

We review the district court's denial of Ioane's motion to suppress evidence *de novo*, *see United States v. I.E.V.*, 705 F.3d 430, 434 (9th Cir. 2012), and conclude that in these circumstances, the challenged search warrant was not impermissibly overbroad. The warrant specified dates, individuals, and corporate parties, and contained a reasonably precise delineation of the types of records to be seized; it was not a "laundry list." *See United States v. Bridges*, 344 F.3d 1010,

1017–18 (9th Cir. 2003); *United States v. Rude*, 88 F.3d 1538, 1551 (9th Cir. 1996).

Ioane's claim of insufficient evidence to support the § 514(a)(2) convictions lacks merit. Assessing the evidence in the light most favorable to the prosecution, *United States v. Stewart*, 420 F.3d 1007, 1014–15 (9th Cir. 2005), the "Bills of Exchange" that Ioane prepared fall well within the scope of § 514(a)(2). The Bills' statements of apparent value, serial numbers, dates, and references to the "Department of Treasury Foreign Letters of Credit Division" are akin to the attributes described in *United States v. Howick*, 263 F.3d 1056, 1068 (9th Cir. 2001) (setting forth a non-exhaustive list of attributes in instruments subject to § 514(a)(2)).

Ioane's instructional-error claims also fail. The district court's initial instructions regarding conspiracy to defraud were consistent with the definition of § 371 conspiracy in *United States v. Caldwell*, 989 F.2d 1056, 1058–59 (9th Cir. 1993), and our model § 371 instruction, and they did not constructively amend Ioane's indictment. *See* 989 F.2d at 1058; 9th Cir. Model Crim. Jury Instr. No. 8.21.

In another portion of the conspiracy instructions, the district court erroneously discussed liability under *Pinkerton v. United States*, 328 U.S. 640 (1946). But because Ioane failed to object, we review for plain error. *See United*

*States v. Alferahin*, 433 F.3d 1148, 1154 (9th Cir. 2006). Even assuming that the instructional error affected Ioane's substantial rights, the overwhelming and convincing evidence, including detailed testimony from Ioane's alleged co-conspirator, demonstrates that a different decision by the jury would be "extremely unlikely." *United States v. Perez*, 116 F.3d 840, 847–48 (9th Cir. 1997) (en banc); *see also United States v. Morfin*, 151 F.3d 1149, 1151 (9th Cir. 1998).

Turning to sentencing, we review the district court's loss calculation methods *de novo* and the determination of the amount for clear error. *See United States v. Ali*, 620 F.3d 1062, 1073 (9th Cir. 2010). The method of calculating Ioane's sentencing loss was appropriate and similar to that discussed in *Ali*. *See id*. And it was hardly illogical or implausible to conclude that Ioane intended a $1.3 million loss, given the IRS Notice of Deficiency and the detailed testimony about Ioane's misconduct after receiving that Notice.

The district court committed no clear error in concluding that Ioane was a leader or manager, and the court did not abuse its discretion in applying a leader-organizer sentencing enhancement. *See United States v. Yi*, 704 F.3d 800, 807–08 (9th Cir. 2013). Evidence at trial indicated that, among other things, Ioane directed the filing of false property liens and built many fraudulent trusts used for tax-

evasion purposes.  When referring to Ioane's role in creating the fraudulent trusts, Ioane's alleged co-conspirator called him the "captain" of the "ships."

    **AFFIRMED.**